UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE VASQUEZ, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:23-cv-03620 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| BILL NELSON, | § | |
| Defendant. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Jose Vasquez proceeds here *pro se*. He filed a complaint against Defendant Bill Nelson, then-Administrator of the National Aeronautics and Space Administration, for allegedly violating provisions of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Americans with Disabilities Act. Dkt 1 at ¶¶21–46.

Defendant filed a motion for summary judgment asserting that Plaintiff cannot make a *prima facie* case of discrimination pursuant to Title VII, the ADEA, or the ADA through the Rehabilitation Act. Dkt 33 at 13–17. He also asserts that Plaintiff presents no evidence in support of his *prima facie* case of retaliation, and that any related claim of a hostile work environment fails because Plaintiff offers no evidence that he was harassed for protected activity. Id at 18–19, 21–23.

The matter was referred to Magistrate Judge Yvonne Y. Ho. Dkt 22. Her Memorandum and Recommendation of May 12, 2025, recommends that Defendant's motion be granted. Dkt 72. Plaintiff filed an objection and petition for a hearing. Dkt 73.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff contends that his responses presented a *prima facie* case. Dkt 73, citing Dkts 40 & 41. Upon review of the briefing, including the responses, no *prima case* is adequately presented. Plaintiff instead merely asserts in conclusory terms that he's "established a prima facie case." See Dkt 41 at 7. And while he mentions that he has included "87 exhibits" in his accompanying Exhibit D, he fails to cite specific evidence in support of his contentions. This is insufficient. See *Newsome v International Paper Co*, 123 F4th 754, 756 n 31 (5th Cir 2024) (citation omitted). Simply put, a plaintiff fails to meet his or her own obligation under Rule 56 when purporting to impose upon a federal court the task of sifting an undifferentiated mass of evidence. Rather, the plaintiff must plead and prove his or her own case, which includes citation not only to applicable law, but also to pertinent evidence.

The request by Plaintiff for a hearing is denied. A party doesn't have a right to a hearing at summary judgment, especially when "sufficient information is available in the pleadings and the papers in support of and opposition to the motion so that a hearing would be of no utility." Charles Alan Wright and Arthur R. Miller, 10A *Federal Practice and Procedures* §2720.2 (West 4th ed 2025 Update). Plaintiff suggests that a hearing would enable him to present testimonial evidence to support his arguments. Dkt 73 at 4. But he had such opportunity during summary judgment proceedings to "highlight" such evidence. And he has yet to point to any specific evidence.

Upon *de novo* review and to the extent discernible, the objection by Plaintiff is found to lack merit. Judge Ho otherwise correctly determined on the face of the complaint that no subject-matter jurisdiction exists.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The objection by Plaintiff Jose Vasquez is OVERRULED, and the related petition for a hearing is DENIED. Dkt 73.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 72.

The motion for summary judgment by Defendant Bill Nelson is GRANTED. Dkt 33.

Any other pending motion is DENIED AS MOOT. This includes the motion by Plaintiff for mediation or settlement conference and the motion by Defendant to strike. Dkts 44 & 47.

This case is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on May 19, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge